IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
FILED

NOV 0 9 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| STACIE ADCOX, ELODIE AUZENNE, WALTER CAYWOOD, JACK DOWELL, CHARLES HENDERSON, BRANDI HODGES, TAMMY LINCECUM, MICHELLE MARTIN, SANDRA OTTO, RANDA ROBINSON, BARBARA SMITH, and CHARLES YOUNG, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC. a Delaware Corporation, SAM'S CLUB, an operating segment of Wal-Mart Stores, Inc. and SAM'S EAST, INC.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>Civil Action No. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES JUDGE:

1.    Plaintiffs bring this collective action against Defendant Wal-Mart Stores, Inc. and Sam's Club in Texas for engaging in a pattern of widespread wage abuses, by requiring its hourly employees to work off the clock without compensation, by failing to record and pay for all of the time it requires its employees to work, and by interrupting its employees' unpaid meal breaks to perform work. As a result of such pattern and practice, Wal-Mart has violated Texas law and the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201-219 (hereinafter, the "FLSA"). Plaintiffs seek notice-stage certification under Section 16(b) of

1

the FLSA for the purpose of authorizing notice to all similarly situated persons in Texas so that they may be afforded the opportunity to "opt in" to the lawsuit and proceed with their claims for FLSA violations collectively.

## A. PARTIES

2.     Plaintiff Stacie Adcox is a resident of Galveston County, Texas and was an hourly employee of Wal-Mart at Store No. 504 in Galveston, Texas, from July 6, 2000 until December 18, 2002. During her employment, Ms. Adcox was required to work off the clock and was not paid all of her wages in violation of Wal-Mart's contractual obligations and the laws of the State of Texas, and in violation of the FLSA. Additionally, Ms. Adcox was required to work through her breaks in breach of Wal-Mart's contractual agreement to provide them.

3.     Plaintiff Elodie Auzenne is a resident of Galveston County, Texas and was an hourly employee of Wal-Mart at Store No. 504 in Galveston, Texas, from January 2000 until July 13, 2004. During her employment, Ms. Auzenne was required to work off the clock and was not paid all of her wages in violation of Wal-Mart's contractual obligations and the laws of the State of Texas, and in violation of the FLSA. Additionally, Ms. Auzenne was required to work through her breaks in breach of Wal-Mart's contractual agreement to provide them.

4.     Plaintiff Walter Caywood is a resident of Tarrant County, Texas and has been an hourly employee of Wal-Mart at Store No. 807 in North Richland Hills, Texas, from April 2000 until the present time. During his employment, Mr. Caywood has not been paid all of his wages in violation of Wal-Mart's contractual obligations and the laws of the State of

Texas, and in violation of the FLSA.

5. Plaintiff Jack Dowell is a resident of Galveston County, Texas and was an hourly employee of Wal-Mart at Sam's Club No. 8190 in Texas City, Texas, from February 2000 until September 2003. During his employment, Mr. Dowell was required to work off the clock and was not paid all of his wages in violation of Wal-Mart's contractual obligations and the laws of the State of Texas, and in violation of the FLSA. Additionally, Mr. Dowell was required to work through his breaks in breach of Wal-Mart's contractual agreement to provide them.

6. Plaintiff Charles Henderson is a resident of Galveston County, Texas and was an hourly employee of Wal-Mart at Store No. 504 in Galveston, Texas, from August 2002 until April 2004. During his employment, Mr. Henderson was required to work off the clock and was not paid all of his wages in violation of Wal-Mart's contractual obligations and the laws of the State of Texas, and in violation of the FLSA. Additionally, Mr. Henderson was required to work through his breaks in breach of Wal-Mart's contractual agreement to provide them.

7. Plaintiff Brandi Hodges is a resident of Tarrant County, Texas and was an hourly employee of Wal-Mart at Store No. 807 in North Richland Hills, Texas, from January 2002 until August 2003. During her employment, Ms. Hodges was required to work off the clock and was not paid all of her wages in violation of Wal-Mart's contractual obligations and the laws of the State of Texas, and in violation of the FLSA. Additionally, Ms. Hodges was required to work through her breaks in breach of Wal-Mart's contractual agreement to

3

provide them.

8.      Plaintiff Tammy Lincecum is a resident of Brazoria County, Texas and has been an hourly employee of Wal-Mart at Store No. 527 in Angleton, Texas, from March 1999 until the present time.  During her employment, Ms. Lincecum was required to work off the clock and was not paid all of her wages in violation of Wal-Mart's contractual obligations and the laws of the State of Texas, and in violation of the FLSA.

9.      Plaintiff Michelle Martin is a resident of Galveston County, Texas and was an hourly employee of Wal-Mart at Store No. 529 in Texas City, Texas, from June 1996 until June 2002.  During her employment, Ms. Martin was required to work off the clock and was not paid all of her wages in violation of Wal-Mart's contractual obligations and the laws of the State of Texas, and in violation of the FLSA.  Additionally, Ms. Martin was required to work through her breaks in breach of Wal-Mart's contractual agreement to provide them.

10.     Plaintiff Sandra Otto is a resident of Harris County, Texas and was an hourly employee of Wal-Mart at Store No. 1062 in Webster, Texas.  During her employment, Ms. Otto was not paid all of her wages in violation of Wal-Mart's contractual obligations and the laws of the State of Texas, and in violation of the FLSA.

11.     Plaintiff Randa Robinson is a resident of Nacogdoches County, Texas and was an hourly employee of Wal-Mart at Store No. 808 in Lake Jackson, Texas, from August 2001 until September 2003.  During her employment, Ms. Robinson was required to work off the clock and was not paid all of her wages in violation of Wal-Mart's contractual obligations and the laws of the State of Texas, and in violation of the FLSA.  Additionally, Ms. Robinson

was required to work through her breaks in breach of Wal-Mart's contractual agreement to provide them.

12.    Plaintiff Barbara Smith is a resident of Harris County, Texas and was an hourly employee of Wal-Mart at Store No. 2257 in Houston, Texas, from November 1999 until November 2001. During her employment, Ms. Smith was required to work off the clock and was not paid all of her wages in violation of Wal-Mart's contractual obligations and the laws of the State of Texas, and in violation of the FLSA. Additionally, Ms. Smith was required to work through her breaks in breach of Wal-Mart's contractual agreement to provide them.

13.    Defendant Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business located in Bentonville, Arkansas. Defendant Wal-Mart may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas, 75201. Sam's Club is an operating segment of Wal-Mart Stores, Inc. and operates Sam's Club stores.

14.    Defendant Sam's East, Inc. is an Arkansas corporation with its principal place of business located in Bentonville, Arkansas. Defendant Sam's East, Inc. may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas, 75201. Defendant Sam's East, Inc. does business as Sam's Club.

## B.    JURISDICTION & VENUE

15.    The Court has personal jurisdiction over the Defendants because the Defendants are conducting business in Texas and have entered into relationships with Plaintiffs in Texas, and committed actions in Texas that gave rise to this cause of action.

Damages sought by Plaintiffs in this cause of action are within the jurisdictional limits of this Court.

16.     The Court also has jurisdiction over the Defendants under § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

17.     The Court has supplemental jurisdiction over the Plaintiffs' common-law claims for unpaid wage s and missed breaks under 28 U.S.C. § 1367(a) because these claims are closely related to the Plaintiffs' claims for FLSA minimum wage and overtime violations and form part of the same case or controversy.

18.     Venue for this action is properly maintained in the Galveston Division of the U.S. Southern District Court of Texas under 28 U.S.C. § 1391(b) because Wal-Mart operates stores and conducts business there and because a substantial part of the events giving rise to this cause of action occurred in the Galveston Division.

## C.   FACTUAL BACKGROUND

19.     Wal-Mart operates stores throughout Texas, including stores within the counties encompassed in the Galveston Division, and Wal-Mart's widespread wage abuse victimizes its hourly wage force, which includes or has included Plaintiffs herein.

20.     Wal-Mart has knowingly and willfully under-staffed its stores and has set work requirements for its hourly employees in such a way that these requirements are impossible to

meet without requiring or encouraging its employees to work off the clock in violation of Texas common law and the FLSA. Wal-Mart knew or should have known that the result of its conduct would be that employees, such as Plaintiffs, would be forced to work off the clock and to miss their breaks in order to meet the work requirement foisted upon them. In addition, Wal-Mart has knowingly and willfully set unreasonably low budgetary standards for its store, regional, and district managers to meet, which call for labor costs to remain at or below a certain percentage of total sales. These standards are impossible to meet without requiring and/or encouraging hourly employees to work off the clock and during their breaks. Wal-Mart has deliberately attempted to not compensate and has not compensated Plaintiffs and other similarly situated employees of Wal-Mart in Texas as required by Texas common law and the FLSA.

## D.   RELATED LITIGATION

21.   Related litigation is currently proceeding against Wal-Mart in many state and federal courts. Most of the litigation has focused on class certification under state and federal class action rules. Some courts have certified class actions and some courts have not.

22.   Two federal courts have considered the issue of notice-stage certification under Section 16(b) of the FLSA in cases related to this litigation. In <u>Thiebes, et al. v. Wal-Mart Stores, Inc.</u>, No. 98-802-KI, 1999 U.S. Dist. LEXIS 18649, *3-*9 (D. Ore. Dec. 1, 1999), the district court certified a collective action for the purpose of notice and discovery. At a trial in December 2002, a federal jury found that Wal-Mart engaged in a pattern or practice of suffering or permitting its hourly employees to work off-the-clock at eighteen different Wal-

Mart stores in Oregon between 1994 and 1999. See Thiebes, et al. v. Wal-Mart Stores, Inc., 2004 U.S. Dist. LEXIS 15263 at *17 (D. Ore. July 26, 2004). At a subsequent trial on the issue of individual damages in January 2004, a jury found that 83 out of 108 plaintiffs performed off-the-clock work between 1994 and 1999. Id. at *18. On July 26, 2004, the district court awarded statutory penalties and pre-judgment interest to most of the plaintiffs. Id. at *18-*32.

23.     The other case in which a court considered the issue of collective action is Basco, et al. v. Wal-Mart Stores, Inc., No. 00-3184 Section K(4), 2004 U.S. Dist. LEXIS 12441 (E.D. La. July 2, 2004). In the Basco case, the district court found that the plaintiffs were not "similarly situated" with other hourly employees of Wal-Mart under Section 16(b) of the FLSA and did not allow the case to proceed as a collective action. Id. at *14-*22.

### E.   GENERAL ALLEGATIONS

24.     At all relevant times, Plaintiffs herein were "employees" and Wal-Mart was their "employer" as defined in Sections 3(d) & (e)(1) of the FLSA, 29 U.S.C. §§ 203(d) & (e)(1). Wal-Mart has been and continues to be an "enterprise" as defined in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of Section (3)(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A). Wal-Mart has employed and continues to employ employees, including Plaintiffs and all similarly situated persons, that have been and continue to be engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206 & 207. At all relevant times, Wal-Mart has had annual gross operating revenues in excess of $500,000.

25.     Plaintiffs and other hourly employees of Wal-Mart were required, encouraged, and/or willfully permitted to work off the clock without compensation on many occasions. Much of the work that Plaintiffs and other hourly employees performed for Wal-Mart off the clock was done in excess of forty hours in a work week.  Wal-Mart had actual and/or constructive knowledge of these minimum wage and overtime law violations because Wal-Mart has engaged in a pattern and practice of limiting the number of hours that Plaintiff and other hourly employees can work on the clock but not the amount of work that they are required to do.

26.     At various times during their employment, Plaintiffs were required, encouraged, and/or willfully permitted to work off the clock before and after her scheduled work shifts and during their unpaid meal breaks.  The tasks that Plaintiffs performed off the clock were an integral part of their principal activities.  Plaintiffs are aware of other hourly employees at their stores who were also required, encouraged, and/or willfully permitted to work off the clock before and after their scheduled work shifts and during their unpaid meal breaks.

27.     Plaintiffs bring their claims for unpaid minimum and overtime wages as collective action under § 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all non-exempt employees of Wal-Mart who were, are, or will be employed by Wal-Mart in Texas who have been required, encouraged, and/or permitted to work off the clock without compensation or who otherwise have not been paid an hourly wage for all of their work in violation of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206 & 207.  Plaintiffs seek to

recover damages on behalf of themselves and all others similarly situated in the form of unpaid minimum wages, unpaid overtime compensation, liquidated damages, and all reasonable and necessary costs and attorney's fees.

28.    This lawsuit for violations of the FLSA may be brought and maintained as a collective action pursuant to § 16(b) of the FLSA for all claims asserted by Plaintiffs, since the claims of Plaintiffs are similar to the claims of all similarly situated persons.  All non-exempt hourly associates employed by Wal-Mart in Texas have been subjected to the same pattern and practice that requires, encourages, or permits them to perform uncompensated work for the benefit of Wal-Mart.  This pattern and practice of wage abuse is a knowing and willful violation of the minimum wage and overtime provisions of the FLSA.

29.    Upon information and belief, the number of non-exempt Wal-Mart employees in Texas during the applicable period of limitations under the FLSA is estimated to be 150,000.  The identity of these individuals can be ascertained from Wal-Mart through discovery of its payroll and personnel records.

30.    Plaintiffs believe and hereby aver that the requirements for a collective action under § 16(b) of the FLSA are met in this case, since the claims of Plaintiffs are similar to the claims of all similarly situated persons.  By proving that the challenged practices existed, Plaintiffs will necessarily show that many employees of Wal-Mart in Texas were subjected to them at the same time.  It would be more efficient to adjudicate all claims arising out of these practices in a single collective action than to require each Wal-Mart employee to sue separately.

31.   Questions of law and fact common to Plaintiffs and all similarly situated employees include, but are not limited to, the following:

a.   Whether Wal-Mart willfully failed to pay Plaintiffs and other similarly situated employees for work that Wal-Mart required and/or caused them to perform.

b.   Whether Wal-Mart has engaged in a pattern of behavior and/or practice in Texas that required or caused Plaintiffs and other similarly situated employees to work off the clock without compensation.

c.   Whether Wal-Mart engaged in a practice of requiring its hourly employees to clock out at the end of their shift and wait off the clock to be let out of the building.

d.   Whether Wal-Mart has engaged in a pattern and/or practice in Texas of causing Plaintiffs and other similarly situated employees not to report all time worked.

e.   Whether Wal-Mart has engaged in a pattern and/or practice in Texas of threatening the Plaintiffs and other similarly situated employees with discharge, demotion or discrimination or otherwise intimidating Plaintiffs and other employees if they do not work off the clock.

f.   Whether Wal-Mart fails to maintain true and accurate time records for all hours worked by its employees and/or altered time records.

g.   Whether Wal-Mart fails to record or report all actual time worked by Plaintiffs and all similarly situated employees; and

h.   Whether Wal-Mart fails to provide accurate wage statements itemizing all actual time worked and wages earned by Plaintiffs and all similarly situated employees.

32.   Wal-Mart has created conditions that foster off-the-clock work throughout its stores in Texas.  This unlawful conduct by Wal-Mart is not isolated and sporadic but rather widespread and repeated.

33.   Wal-Mart's practice is to induce employees to not clock in all of the time they

work. Wal-Mart deliberately and systematically under-staffs its stores and then gives employees work assignments that Wal-Mart knows or should know its employees can not complete within their scheduled hours. Wal-Mart creates pressure on its employees to complete their work assignments through intimidation, threats of discharge, and demotion while at the same time it precludes them from clocking in hours worked that are necessary to accomplish their assignments outside their regular work schedule. Consequently, employees must work before clocking in or after clocking out and through their unpaid meal periods.

34. Wal-Mart has also engaged in the practice of "locking in" employees overnight. The practice involves physically locking employees in the store so they cannot leave the store premises. Employees are forced to clock out, continue working and/or wait for the store to open. Plaintiffs are aware of employees at their stores who clocked out at the end of their shifts and were not permitted to leave the building until someone from management unlocked the door to let them out.

35. Wal-Mart puts pressure on its management to not record all of their own work time as well as to encourage its employees not to record all of their time. This is done in an effort to reduce labor costs and increase profits. Wal-Mart awards bonuses to its salaried managers based on such factors as net profit ratios, which are effected by low payroll ratios. This also encourages management to grossly under-staff its stores and encourage off-the-clock work.

36. Wal-Mart also fails to accurately record all of the time worked by its hourly employees, in violation of Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and regulations

promulgated by the Secretary of Labor, 29 C.F.R. § 516.2(7), 516.5(a). Work performed off the clock is, by its very nature, unrecorded. Wal-Mart's actual and/or constructive knowledge of off-the-clock work being performed at its stores is also actual and/or constructive knowledge that true and accurate time records are not being kept.

37.     Wal-Mart attempts to hide behind its written policy that purports to forbid these unlawful labor practices while at the same time maintaining conditions that foster these unlawful practices. If employees make an issue of not being paid for unrecorded time, Wal-Mart pretends "ignorance" and blames the employee for violating written company policy.

38.     Wal-Mart knows or should have known that the employees are working off the clock by virtue of the fact that (a) its managers have been present in stores when off-the-clock work was occurring, (b) it assigns work that cannot be accomplished during an employee's shift and makes threats or intimidating remarks if the assigned work is not completed, but refuses to allow the employee to clock in the additional time which is necessary to accomplish such work; and (c) it has grossly under-staffed its stores.

### F.   FLSA CAUSES OF ACTION

### COUNT I
### Minimum Wage Violations

39.     Plaintiffs reallege and reassert paragraphs 1 through 38.

40.     Wal-Mart's actions complained of herein constitute a violation of Section 6(a)(1) of the FLSA, 29 U.S.C. § 206(a)(1), because Wal-Mart has failed to compensate Plaintiffs the statutory minimum wage for all hours worked during their employment.

41.     Because Wal-Mart's actions also constitute a pattern and practice of failing to

compensate similarly situated employees for all of their hours worked, Plaintiffs bring their cause of action for unpaid minimum wages and liquidated damages as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## COUNT II
### Overtime Violations

42.     Plaintiffs reallege and reassert paragraphs 1 through 41.

43.     Wal-Mart's actions complained of herein constitute a violation of Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), because Wal-Mart has failed to compensate Plaintiffs for hours worked in excess of forty hours in a work week at a rate of not less than one and one-half their regular hourly rate.

44.     Because Wal-Mart's actions also constitute a pattern and practice of failing to compensate similarly situated employees for hours worked in excess of forty hours in a work week at a rate of not less than one and one-half their regular hourly rate, Plaintiffs bring their cause of action for unpaid overtime wages and liquidated damages as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## G.   COMMON-LAW CAUSES OF ACTION

## COUNT III
### Breach of Contract

45.     Plaintiffs reallege and reassert paragraphs 1 through 44.

46.     At the time Plaintiffs accepted employment with Wal-Mart they were hired to work at fixed hourly wage rates and promised rest and meal breaks.  The terms of this contractual relationship were fixed by agreement between Wal-Mart and Plaintiffs, and

14

Plaintiffs expected that Wal-Mart would follow federal law with respect to minimum and overtime wages.

47.     For many hours worked off the clock in their tenure with Wal-Mart, Plaintiffs did not receive compensation from Wal-Mart. This violated the parties' employment agreements.

48.     Hours that Plaintiffs worked off the clock were at the direction and behest of Wal-Mart, not voluntarily performed by them, but done with the expectation of earning their respective hourly wage rate.

49.     At the time Plaintiffs were employed by Wal-Mart, every Wal-Mart store employee who worked seven hours or more per day was entitled to an hour for lunch and two fifteen-minute rest breaks; Sam's Club employees were entitled to a thirty-minute lunch and two fifteen-minute rest breaks. Wal-Mart knowingly under-staffed its stores and/or assigned work to its employees so that these employees were required to work through meal and/or rest breaks on many occasions.

50.     By failing to pay Plaintiffs the agreed upon wage rate for each hour worked or permit lunch/rest breaks Wal-Mart breached the employment agreements between the parties.

## COUNT IV
## Quantum Meruit

51.     Plaintiffs reallege and reassert paragraphs 1 through 50.

52.     Wal-Mart, at all times material to this Complaint, was aware that Plaintiffs were working off the clock and not taking their breaks, as Wal-Mart supervisors directed Plaintiffs to ensure that assigned work was done.

53.     The hours that Plaintiffs worked off the clock and the rest breaks missed and lunches worked but not paid for were at the direction and behest of Wal-Mart, not voluntarily performed by them, but done with the expectation of earning their respective hourly wage rates. The benefits thereby conferred on Wal-Mart were accepted and appreciated by it.

54.     Wal-Mart is liable to Plaintiffs under quantum meruit for all off-the-clock work performed by them for Wal-Mart.

### COUNT V
### Unjust Enrichment

55.     Plaintiffs reallege and reassert paragraphs 1 through 54.

56.     The Plaintiffs have worked for and continue to work off the clock and without compensation for the Defendants and to be denied lunch/rest breaks. Such work constitutes a benefit to the Defendants by the Plaintiffs and other class members.

57.     The benefit was accepted and is being accepted by the Defendants under such circumstances that it would be inequitable for it to be retained without payment. Accordingly, Defendants are liable to the Plaintiffs and other class members for all hours worked or which will be worked in the future and breaks missed for which the Defendants have not paid them.

### H.   ATTORNEY'S FEES

58.     Plaintiffs demand recovery of attorney's fees in addition to the amount of their claim and costs pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and TEX. CIV. PRAC. & REM. CODE § 38.001 (Vernon's 1997).

## REQUEST FOR JURY TRIAL

59.    Plaintiffs request a trial by jury on all disputed factual issues.

## PRAYER

60.    WHEREFORE, Plaintiffs prays, on behalf of themselves and all others similarly situated, for judgment as follows:

1.    Determining that Wal-Mart engaged in a pattern and practice of violating the minimum wage and overtime provisions of the FLSA in Texas.

2.    Determining that Wal-Mart's pattern and practice was willful within the meaning of Section 6(a) of the Portal-to-Portal Pay Act, 29 U.S.C. § 255(a).

3.    Awarding the Plaintiffs and other similarly situated persons unpaid minimum wages and overtime compensation as a result of the wrongs alleged herein, as well as an additional equal amount as liquidated damages.

4.    Awarding the Plaintiffs compensatory damages for their common-law causes of action as a result of the wrongs alleged herein.

5.    Awarding the Plaintiffs and other similarly situated persons pre- and post-judgment interest as allowed by law.

6.    Awarding the Plaintiffs and other similarly situated persons interest, costs and expenses, including reasonable attorneys' fees and expert fees, and for such other relief, equitable, special or general, to which they are justly entitled.

Respectfully submitted,

O'QUINN, LAMINACK & PIRTLE

By: _____

Russell T. Lloyd
Attorney in Charge
State Bar No. 12453500
S.D. Tex. Bar No. 6365
John M. O'Quinn
State Bar No. 15296000

17

S.D. Tex. Bar No. 5390
Stephen P. Agan
State Bar No. 24025215
S.D. Tex. Bar No. 31866
2300 Lyric Centre Building
440 Louisiana Street
Houston, Texas 77002-4205
Telephone:  (713) 236-2632
Telecopier:  (713) 222-6903

Francis I. Spagnoletti
State Bar No. 18869600
S.D. Tex. Bar No. 5369
SPAGNOLETTI & ASSOCIATES
1600 Smith Street, 45th Floor
Houston, Texas 77702
Telephone: (713) 653-5601
Telecopier: (713) 653-5656

Michael M. Phillips
State Bar No. 15939000
S.D. Tex. Bar No. 10641
Phillips Building
515 North Velasco Street
Angleton, Texas 77515
Telephone:  979-849-4382
Telecopier:  979-849-1409

Jim S. Adler
State Bar No. 00925000
JIM S. ADLER & ASSOCIATES
3D International Tower
1900 West Loop South, 20th Floor
Houston, Texas 77027-3214
Telephone:  (713) 777-4000
Telecopier:  (713) 781-0359

Franklin D. Azar, #13131
Jon Neil Barclay, #8194
FRANKLIN D. AZAR & ASSOCIATES, P.C.
14426 East Evans Avenue
Aurora, Colorado 80014-1474

18

Telephone: (303) 757-3300
Telecopier: (303) 757-3206

Gerald L. Bader, Jr., #3625
Renée B. Taylor, #21013
BADER & ASSOCIATES, L.L.C.
14426 East Evans Avenue, Suite 200
Aurora, Colorado 80014
Telephone: (303) 534-1700
Telecopier: (303) 534-1701

ATTORNEYS FOR PLAINTIFFS

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
Adcox, Stacie, et al.

## DEFENDANTS
Wal-Mart Stores, Inc., et al.

*United States Courts*
*Southern District of Texas*
*FILED*
*NOV 9 2004*
*Michael N. Milby, Clerk of Court*

(b)  County of Residence of First Listed Plaintiff ___Galveston___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)
O'Quinn, Laminack & Pirtle; 2300 Lyric Centre
Bldg., 440 Louisiana; Houston, TX 77002-4205
713-236-2632, Russell T. Lloyd

Attorneys (If Known)
Mayer, Brown, Rowe & Maw, LLP
700 Louisiana, Suite 3600; Houston, TX 77002-2730
713-221-1651; Diana L. Davis

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties
      in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Jdgm. | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | Injury | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Violation of FLSA, 29 U.S.C. §201 et seq..  Employer violates overtime & minimum wage provisions on FLSA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE  11-9-04

SIGNATURE OF ATTORNEY OF RECORD  *Russell T. Lloyd*

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.