IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| STACIE ADCOX, ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-04-633 |
| | § | |
| WAL-MART STORES, INC., ET AL. | § | |

**OPINION AND ORDER**

Before the Court is the "Motion to Facilitate § 216(b) Notice" filed by the Plaintiffs in this cause. The Court, having heard oral arguments, considered the parties' post-hearing briefing and the mountain of exhibits submitted, including, but not limited to, deposition excerpts of 25 Plaintiffs in a similar state court lawsuit[1], now issues this Opinion and Order.

The basic aim of a collective action under the Fair Labor Standards Act is to promote judicial economy by resolving numerous claims of similarly situated employees in one comprehensive action, as opposed to numerous individual lawsuits. Hoffman LaRoche, Inc. v. Sperling, 439 U.S. 165, 170 (1989)  However, where disparate factual and employment settings apply to the individual Plaintiffs and various defenses will arise against those individual Plaintiffs, certification cannot accomplish this goal. Lusardi v. Xerox Corp., 118 F.R.D. 351, 359 (D.N.J. 1987)  Moreover, the inclusion of additional state law claims even compounds the problem. Accordingly, for essentially the same reasons given by Judge Duval in his Opinion issued in Basco v. Wal-Mart Stores, Inc., 2004 WL 1497709 (E.D. La.), an almost identical suit pending in Louisiana, this Court finds that it is obvious from the discovery materials submitted

---

[1] Lopez v. Wal-Mart Stores, Inc., Cause No. 12326-BH-2000, in the 23rd Judicial District Court of Brazoria County, Texas.

from the <u>Lopez</u> litigation that Wal-Mart's alleged policy will not lend itself to a collective inquiry. The Court is certainly not condoning the reprehensible conduct that Wal-Mart, through its agents, has engaged in at the expense of many of its employees. And the Court is fully aware of the chilling effect this ruling will have on the decision of most potential Plaintiffs to individually sue Wal-Mart for the nominal amounts of their losses. But, from a practical standpoint, it would be a procedural nightmare to certify this case as a state-wide collective action.

For the foregoing reasons, it is the **ORDER** of this Court that the Plaintiffs' "Motion to Facilitate 216(b) Notice" (Instrument no. 14) is **DENIED**.

**DONE** at Galveston, Texas, this _____13th_____ day of May, 2005.

_____
John R. Froeschner
United States Magistrate Judge