IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| STACIE ADCOX, ET AL. | § | |
|---|---|---|
| | § | |
| VS. | § | CIVIL ACTION NO. G-04-633 |
| | § | |
| WAL-MART STORES, INC., ET AL. | § | |

## REPORT AND RECOMMENDATION

Before the Court is the "Motion for Temporary Restraining Order and Injunctive Relief" filed by the Plaintiffs in the above-styled and numbered cause. The Motion is opposed by the Defendants. Following an aborted Evidentiary Hearing, the Court now submits this Report and Recommendation to the District Court.

This action was brought under the Fair Labor Standards Act against the Wal-Mart entities. The Plaintiffs allege that the Defendants are purposefully forcing cashiers to work without full compensation for their time. On February 6, 2006, this Court authorized this action to proceed as a collective action and allowed Notice to be served to all prospective Plaintiffs under 28 U.S.C. §216(b). In June, the Notices began to be sent with an opt-in deadline of November 3, 2006.

On August 15, 2006, the Plaintiffs filed the instant motion complaining that Defendants' agents, its store managers, were coercing current and ex-cashiers from opting into the Plaintiffs' collective action. Following the Defendants' response adamantly denying any wrong doing, the Court set the Motion for a Hearing. At the commencement of the Hearing, Plaintiffs' counsel informed the Court that the cashiers who had told the Plaintiffs' "contact person" of the Defendants' actions refused to appear at the Hearing and offer testimony concerning the matters raised in their affidavits; instead, counsel proffered the testimony of the contact person who would

testify as to what statements were made to her on the phone by the cashiers about the Defendants' actions.  The Defendants objected to the testimony as hearsay.  The Court agreed and barred the testimony.

Plaintiffs' counsel argued that the testimony was admissible as an admission by the Defendants under Rule 801(d)(2)  and, thus, not hearsay at all.  This Court disagreed.  Had the cashiers testified, counsel would be correct, but the contact person's testimony is a different matter.  Under Rule 801(d)(2)(D), the store managers would have authority to speak for the Defendants; the cashiers, however, would not.  Therefore, the contact person cannot testify as to what the cashiers said unless some exception to the hearsay rule permits her to do so.  Cf. Staheli v. University of Mississippi, 854 F.2d 121, 127 (5th Cir. 1998) (Where statement of employee to third person did not concern a matter within the scope of his agency, statement was made in is capacity as wiseacre only and, therefore, inadmissible hearsay)    The only potential exception this Court can imagine applicable here is the "present sense impression" exception of Rule 803(1).  Unfortunately, for Plaintiffs, on the facts related to this Court, the contact person, who did not actually witness or perceive the conversation between the store managers and the cashiers, could not establish sufficient contemporaneity to ensure  there was insufficient time before she received the cashiers' telephone calls for the cashiers to have conscientiously manipulated the truth.  See United States v. Peacock, 654 F.2d 339, 350 (5th Cir. 1981)   Of course, the Court is not accusing the cashiers of anything, it is simply applying the legal test which negates the application of this hearsay exception.

Since Plaintiffs were unable to present any admissible evidence that the actions complained of actually occurred, it is the **RECOMMENDATION** of this Court to the District Court that injunctive relief against any such future activities be **DENIED**.

In passing, the Court also **RECOMMENDS** to the Defendants that they attempt, once again, to ensure that all appropriate employees are **actually** notified of their duties not to interfere in the opt-in process.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **September 8, 2006**, to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.   The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office in the Galveston Division at P.O. Drawer 2300, Galveston, Texas 77553.   Failure to file written objections within the prescribed time **SHALL** bar the Parties from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____25th_____ day of August, 2006.

John R. Froeschner
United States Magistrate Judge

*3*