IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STACIE ADCOX, *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § § | C.A. No. 3:04-cv-00633 |
| | § § | Judge Kenneth M. Hoyt |
| WAL-MART STORES, INC., a Delaware Corporation; SAM'S CLUB, an operating segment of Wal-Mart Stores, Inc.; and SAM'S EAST, INC., | § § § § § § | |
| Defendants. | § § | |

## Joint Motion for Temporary Stay of Proceedings

Plaintiffs Stacie Adcox *et al.* and Defendants Wal-Mart Stores, Inc. ("Wal-Mart"), Sam's Club, and Sam's East, Inc. have reached a settlement that, if approved by this Court, will resolve all of the claims asserted by the Plaintiffs and all members of this collective action. By and through undersigned counsel, the parties hereby jointly request that the Court stay all proceedings in the above-captioned action other than those necessary to completing the settlement approval process. In support of this motion, the parties state as follows.

I.

Facts

This case is a conditionally certified collective action brought under 29 U.S.C. § 216(b) for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Plaintiffs allege that they performed work "off the clock" for which they were not fully compensated in violation of the FLSA's minimum wage and overtime provisions, 29 U.S.C. §§ 206 and 207,

respectively. Approximately 4,364 current and former Wal-Mart cashiers are included in the collective action.

On November 26, 2008, the parties executed a binding and confidential Term Sheet agreeing to settle the litigation subject to approval of the settlement by Wal-Mart's Board of Directors. Wal-Mart's Board of Directors subsequently approved the settlement in December 2008. The Term Sheet further provided that once the Board approved the settlement, the parties would notify the Court of the settlement and request that all pending motions, deadlines, and proceedings be stayed, including the upcoming deadline for exchanging preliminary witness lists (January 26, 2009) and the deadline for completing fact discovery (March 23, 2009). *See* Doc. 190 (Amended Scheduling Order). The parties agreed that a stay is necessary to afford the parties an opportunity to draft and prepare the necessary settlement documents reflecting the material terms of the settlement reached, and to allow the Court and the parties sufficient time to consider and conduct the proceedings necessary to the collective action settlement approval process.

II.

Argument

This Court possesses the inherent power to stay any proceeding in order to promote its fair and efficient adjudication. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). As the United States Supreme Court has long recognized, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

Here, the agreement to settle this collective action presents a compelling reason to stay this case. The settlement, if approved by this Court, will resolve all claims asserted by Plaintiffs and will achieve a definite and certain result for the benefit of the Settlement Class. However, because the parties contemplate settling this matter as a collective action pursuant to 29 U.S.C §216(b), there are a number of procedural steps that must occur before the settlement can become final. In view of the parties' agreement to the material terms of settlement and the time needed to complete the settlement approval process, a stay of upcoming dates to allow the settlement process to proceed is warranted. Continuing with discovery, motion practice, and trial in these circumstances will result in the unnecessary expenditure of resources by the parties, counsel and the Court. Accordingly, the parties respectfully request that the Court stay all proceedings in this case other than those necessary to complete the settlement approval process.

III.

Conclusion

For all of the foregoing reasons, the parties respectfully requests that the Court stay all proceedings other than those necessary to complete the settlement approval process.

Respectfully submitted,

*/s/ Russell T. Lloyd*
Russell T. Lloyd
State Bar No. 12453500
S.D. Tex. Bar No. 6365
John M. O'Quinn
State Bar No. 15296000
S.D. Tex. Bar No. 5390
THE O'QUINN LAW FIRM
2300 Lyric Centre Building
440 Louisiana Street
Houston, Texas 77002-4205

Telephone: 71 3-236-2632
Telecopier: 713-222-6903

Attorney-in-Charge for Plaintiffs STACIE ADCOX, *et al.*

*Neal Manne* by R. Safi
w/ permission

Neal S. Manne
State Bar No. 12937980
S.D. Admissions No. 10209
nmanne@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

Attorney-in-Charge for Defendants,
WAL-MART STORES, INC., a Delaware
Corporation; SAM'S CLUB, an operating
segment of Wal-Mart Stores, Inc.; and
SAM'S EAST, INC.

OF COUNSEL:

Gene A. Locke
State Bar No. 12461900
S.D. Admissions No. 24259
genelocke@andrewskurth.com
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-3956
Fax: (713) 238-7294

Shawn L. Raymond
State Bar No. 24009236
S.D. Admissions No. 26202
sraymond@susmangodfrey.com
Robert S. Safi
State Bar No. 24051280
S.D. Admissions No. 680024
rsafi@susmangodfrey.com
David M. Peterson
State Bar No. 24056123

S.D. Admissions No. 882360
dpeterson@susmangodfrey.com
L. Jane Ray
State Bar No. 24027767
S.D. Admissions No. 27881
jray@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

## Certificate of Service

    I hereby certify that on January 19, 2009, the attached document was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all known ECF Filing Users.

                                                                   _____
                                                                   Robert S. Safi